Plaintiff, Ronald Boswell, d/b/a Dapper Dan Cleaners, is a "mom and pop” operation, the smallest of small business. We have before us a pro se complaint which apparently invokes our "direct access” jurisdiction under 41 U.S.C. §601 and ff (Supp. IV 1980). Plaintiff was awarded a concession-type contract for laundry and dry cleaning service at Reese Air Force Base, Texas, for which the personnel were to pay according to a schedule of fixed charges. Plaintiffs contract was the usual mass of inappo-site provisions, for example, that he was not to use Rhodesian chrome. We would suppose it to be utterly unintelligible to normal mom and pop management. In practical effect, plaintiff placed himself at the mercy of the contracting officer and others concerned with administering the contract. The latter speedily became dissatisfied with plaintiffs performance, afflicted him with cure notices, according to him, before he even started operating. Defendant soon declared plaintiff in default, and he enumerates resultant losses, he says totaling $7,517.50. Defendant moves for summary judgment in a document even more formidable than the original contract. Plaintiff under *996 standably has not responded and the time for doing so has expired; he advises our clerk he does not wish to respond.
Defendant’s heavily documented motion includes an affidavit by the contracting officer which enumerates in summary form the respects in which plaintiff was in default. The absence of a response might be taken for summary judgment purposes as an admission that plaintiff was properly defaulted. However, the court is unwilling, if another disposition of the case can be found, to enter a judgment to that effect. It is obviously impossible for a mom and pop dry cleaner to cope pro se with a contract such as we have here and a motion such as we have here. Should it be that the contract was not properly defaulted, there would be no way plaintiff realistically could establish the fact so we could know it. Plaintiff evidently misunderstood the novel invitation to file a direct access suit in this court and supposed he was invoking the services of an ombudsman.
The motion for summary judgment is denied without prejudice because of the impossibility of testing its validity in an adversary context. A dismissal for want of prosecution is warranted in view of plaintiffs non-response to the motion. It will not reflect an adjudication of the merits by us. Accordingly, the petition is dismissed for want of prosecution.